IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Lashauna Randolph, as Personal Representative of the Estate of Semaj Randolph, and, individually as the mother of Semaj Randolph, <br><br> Plaintiff, <br><br> v. <br><br> City of Orangeburg, <br><br> Defendant. | **PETITION FOR APPROVAL OF SETTLEMENT OF SURVIVAL ACTION** <br><br><br><br><br><br> Civil Action No. 5:12-cv-3087-JMC |

The Petitioner, Lashauna Randolph, as Personal Representative of the Estate of Semaj Randolph, ("Petitioner"), by and through her undersigned attorney, respectfully shows unto this Court:

1. Petitioner is the Personal Representative of the Estate of Semaj Randolph, who was a plaintiff herein and who died intestate on August 4, 2014, of causes unrelated to this action. Petitioner was appointed as Personal Representative by Order of the Orangeburg County Probate Court, and remains so appointed at this time. Petitioner is also the mother of the decedent. The decedent was, additionally, survived by his father, John Kennedy Jackson. Petitioner represents to the Court that Semaj Randolph had no spouse at his death, nor, to her knowledge, any offspring.

2. As Personal Representative, in this action, Petitioner has presented claims against the defendant above-named, seeking recovery of damages under the South Carolina Survival Statute, S. C. Code §15-5-90, which claims survived to the Estate of Semaj Randolph. This action is pending before this Court upon its removal from the state court by the defendants. Petitioner alleges her

decedent was injured by the acts or omissions of the City of Orangeburg's Department of Public Safety and/or its officers. Petitioner presented claims in negligence and violation of constitutional rights in connection therewith. The state law claim of the Petitioner is governed by the South Carolina Tort Claims Act, S. C. Code §15-78-10, et seq., and the constitutional claims are made pursuant to 42 USC §1983. The decedent died during the pendency of this action, of unrelated causes. Petitioner requests herein the approval of a settlement of the causes of action which survived to the Estate of Semaj Randolph. Petitioner additionally brought her own claim, individually, for the medical expenses attributable to the injuries of Semaj Randolph, who, at the time of the incident which is central to this action, was a minor in the legal and physical custody of Lashauna Randolph. (At the filing of this action, Semaj Randolph had attained majority.) In this action, the Petitioner has been represented by Robert Phillips, of the firm McGowan Hood and Felder, LLC, in Rock Hill, South Carolina.

Pursuant to S. C. Code §15-51-42(B), (C) and (D), Petitioner requests the Court to review and approve the settlement of the survival claim.

3. The Petitioner and defendant have agreed to settle all issues as between those parties in this action. Petitioner has previously consented to the outright dismissal of all claims against individuals formerly named as defendants herein, with no payment of settlement on behalf of those individuals.

4. On behalf of the City of Orangeburg, of which the Orangeburg Department of Public Safety is a department, the South Carolina Budget and Control Board Insurance Reserve Fund has agreed to pay the sum of Five Hundred Thousand ($500,000.00) Dollars, total, inclusive of attorney fees, costs, and medical liens, for the claims of Semaj Randolph and Lashauna Randolph, to be allocated one-half to each claim, or Two Hundred Fifty Thousand ($250,000.00) Dollars to the claim of Semaj Randolph, which survived to his Estate, and Two Hundred Fifty Thousand ($250,000.00)

Dollars to the claim of Lashauna Randolph, for the reasonable value of the medical care necessitated by the injuries of Semaj Randolph when he was a minor in her physical and legal custody. Medical charges for the treatment of the injuries to Semaj Randolph totaled Three Hundred Three Thousand Six Hundred Eight and 71/100 ($303,608.71) Dollars, of which Medicaid paid Thirty-Four Thousand Two Hundred Forty-Nine and 14/100 ($34,249.14) Dollars. Medicaid has agreed to accept $25,686.86 to compromise its lien on the settlement proceeds payable to Lashauna Randolph individually.

Petitioner entered a retainer agreement with McGowan Hood & Felder, LLC, and agreed to pay an attorney fee of Forty (40%) percent, or Two Hundred Thousand ($200,000.00) Dollars, to be paid equally from the settlements paid for Lashauna Randolph and Semaj Randolph. The retainer agreement provided for plaintiff's reimbursement to her attorneys of costs incurred in the representation, and the attorneys seek reimbursement for those costs, which, as of this date total Thirty-Seven Thousand Two Hundred Ninety-Two and 76/100 ($37,292.76) Dollars. Petitioner requests that the Court approve payment of those costs, which shall be paid equally from the settlements paid for Semaj Randolph and Lashauna Randolph. The Petitioner shall be responsible, individually, for payment and satisfaction of any liens to Medicare, Medicaid, or other insurers or healthcare providers, from her share of the settlement proceeds.

Petitioner is informed and believes it is in the best interests of the Estate of Semaj Randolph that the settlement agreement be approved, and the Court approve disbursement to the attorneys of the attorney fees and the costs incurred, with the remainder of the Estate's share of the settlement proceeds being disbursed to the Petitioner as Personal Representative of the Estate of Semaj Randolph, for further disbursement as appropriate.

The undersigned counsel for Petitioner certifies he is of the opinion the settlement for which

approval is sought in the above-captioned matter is fair and reasonable and in the best interests of the estate and heirs.

WHEREFORE, Petitioner requests the Court approve the settlement of the claims of the Estate of Semaj Randolph against the defendant; approve the payment of attorney fees and costs as set forth above, and the disbursement of the remaining proceeds payable to the Estate being paid to the Petitioner as Personal Representative of the Estate of Semaj Randolph for further disbursement as appropriate under law; approve and direct the Petitioner to sign a Release; and grant such other and further relief as is necessary to consummate the settlement and dismissal of this action. The Petitioner further requests that any judgment entered by the Court reflect that this is a settlement approved, not a money judgment against any party.

September 19, 2014                                        Respectfully submitted,

                                                                          *s/Robert V. Phillips*
Robert V. Phillips
McGowan Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, SC 29732
(803)327-7800
rphillips@mcgowanhood.com
ATTORNEY FOR PETITIONER/PLAINTIFF